625 N.W.2d 384 (2001)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Corey Ramone FRAZIER, Defendant-Appellant.
Docket No. 116859, COA No. 193891.
Supreme Court of Michigan.
May 4, 2001.
On order of the Court, the application for leave to appeal from the April 21, 2000 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
CORRIGAN, C.J., not participating.
MARILYN J. KELLY, J., dissents and states as follows:
I would grant leave because I believe that the Court of Appeals clearly erred in affirming the trial court's finding of no ineffective assistance of counsel. Defendant presents a persuasive argument that his trial counsel rendered ineffective assistance by permitting police officers to interrogate him about his role in a double homicide, without counsel's presence.
A defendant claiming to have been denied the effective assistance of counsel must establish that (1) his counsel's performance fell below an objective standard of *385 reasonableness under prevailing professional norms, and (2) a reasonable probability exists that, absent counsel's errors, the outcome of the proceedings would have been different. See People v. Pickens, 446 Mich. 298, 303, 521 N.W.2d 797 (1994).
Defense counsel's agreement to a meeting between defendant and investigating officers, during which he left defendant alone to speak with the officers, was not reasonable conduct under prevailing professional norms. See Tyler v. United States (On Remand ), 78 F.Supp. 2d 626, 632 (E.D.Mich., 1999), holding that counsel's actions in arranging a meeting between his client and government agents to discuss a plea agreement and then abandoning him to the government agents was unreasonable and unsound strategy.
The meeting resulted in prejudice to defendant because, without counsel present, defendant volunteered evidence that was later used against him at trial. While other evidence also indicated that defendant had been present at the scene of the crime, without the incriminating statements, nothing showed defendant's participation in the murders. Hence, there was a reasonable probability that, but for counsel's mistake, defendant's trial would have had a different outcome.
MICHAEL F. CAVANAGH, J., concurs with the statement of MARILYN J. KELLY, J.